IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:11CR3 |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| AGAPITO MEZA-RAMIREZ, | |
| Defendant. | |

This matter is before the court on the defendant's motion to reduce his sentence, Filing No. 48 and the Federal Public Defender's motion to withdraw as counsel, Filing No. 53. On December 3, 2015, the Federal Public Defender for the District of Nebraska filed an appearance on the defendant's behalf. Filing No. 52. After review of the defendant's case, the Federal Public Defender notified the court that because the defendant was sentenced below her amended guideline range and did not receive a lower sentence based on a government motion for substantial assistance to authorities, she is not eligible for a sentencing reduction under Amendment 782. *See* Filing No. 53. The United States Probation Office has filed a retroactive sentencing worksheet that confirms the defendant's ineligibility for the reduction under Amendment 782. Filing No. 51 (restricted). The FPD further represented that a motion under 18 U.S.C. § 3582(c) would not be appropriate. *Id.* In light of those representations, the court will grant counsel's motion to withdraw. Filing No. 53.

The United States Sentencing Commission recently revised the United States Sentencing Guidelines ("USSG") applicable to drug trafficking offenses by changing

how the base offense levels in the drug quantity tables incorporate the statutory mandatory minimum penalties for such offenses. Amendment 782 (sometimes called the "drugs minus two" or the "2014 drug guidelines amendment") reduces offense levels assigned in the Drug Quantity Table by two levels, resulting in lower guideline ranges for many drug trafficking offenses. *See Federal Register Notice of Final Action Regarding Amendment to Policy Statement §1B1.10*, Effective November 1, 2014, 79 Fed. Reg. 25996 (May 6, 2014); available at http://www.ussc.gov/amendment-process/federal-register-notices. The proposed amendment went into effect on November 1, 2014. *Id.*

The court is statutorily precluded from applying a federal sentencing guideline amendment retroactively unless the United States Sentencing Commission designates an amendment for retroactive application. 18 U.S.C. § 3582(c)(2). The Sentencing Commission has given retroactive effect to the amendment. U.S.S.G., supp. app. C, amend. 788 (2014).

Under 18 U.S.C. § 3582(c)(2), courts are to conduct a two–step inquiry. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced. *See* 28 U.S.C. §§ 994(o), (u). The court determines eligibility for a sentence reduction by examining the amended guideline range that would have been applicable to the defendant if Amendment 782 had been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). The court is required to examine U.S.S.G. 1B1.10 of the Sentencing Guidelines and the applicable policy statements issued by the

Sentencing Commission in making that determination. *Dillon*, 560 U.S. at 827. Second, the court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.*; U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii).

"The relevant policy statement, U.S.S.G. § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)); *United States v. Thomas*, 775 F.3d 982 (8th Cir. 2014) (quoting *Dillon* 560 U.S. at 821 (2010)). The court is not permitted to reduce a defendant's sentence if it originally imposed a term of imprisonment that is lower than the minimum term of imprisonment provided by the amended Guidelines range. *Dillon*, 560 U.S. at 822 (holding that except in limited circumstances, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence to a term that is less than the minimum of the amended guideline range); U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection");[1] U.S.S.G. § 1B1.10, comment. (n.3) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the court imposed a term of imprisonment outside the guideline range applicable to the defendant at the time of sentencing as a result of a downward departure or variance and such term is less than

---

[1] The exception that allows for a sentence to be reduced below a defendant's amended guideline range involves cases in which the defendant received a sentence below the guidelines applicable at sentencing pursuant to a government motion for downward departure based on the defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(B).

the minimum term of imprisonment provided by the amended guideline range); *see also United States v. Anderson*, 686 F.3d 585, 588–90 (8th Cir. 2012) (noting that not all downward departures and variances that applied to the original sentence are available under 18 U.S.C. § 3582(c)(2)).

Here, the defendant was sentenced to a term of 97 months imprisonment on Counts I and II to run concurrent. Defendant's 97 month sentence is not below his amended guideline range of 87 to 108 months. The record shows the defendant did not receive a sentence below the sentencing guidelines pursuant to a government motion based on substantial assistance to authorities. Therefore, a proportionate departure from the new range is not justified, pursuant to U.S.S.G. 1B1.10(b)(2)(A). Accordingly, the defendant is not entitled to any sentence reduction under Amendment 782.

IT IS HEREBY ORDERED:

1. The Federal Public Defender's motion to withdraw (Filing No. 53) is granted.

2. The defendant's pro se motion for a reduction in sentence (Filing No. 48) is denied.

Dated this 21st day of December, 2015

BY THE COURT:

   s/ Joseph F. Bataillon
Joseph F. Bataillon
Senior United States District Judge